IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60585
Summary Calendar
_____

RICHARD D. STAFFORD,

Petitioner-Appellant,

versus

EMMITT L. SPARKMAN, Warden,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:00-CV-209-D
---------------------
December 19, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Richard D. Stafford, a Mississippi prisoner (# R0135), seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. 28 U.S.C. § 2253(c)(1). This court may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a COA on a nonconstitutional issue, like the procedural-default doctrine, a habeas applicant must also show that jurists of reason would find it debatable whether the district court was

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Stafford argues that the district court erred in rejecting his claims that:  (1) counsel performed ineffectively by (a) failing to investigate and to interview and call potential alibi witnesses and (b) failing to argue a motion for continuance to based on the prosecution's failure to reveal the name of a confidential informant ("CI"); (2) the trial court erred in admitting an allegedly unreliable tape recording of the alleged drug transactions; and (3) the court erred in admitting hearsay testimony regarding one of Stafford's witnesses.

The district court concluded that Stafford's claims regarding the admission of evidence were procedurally defaulted, based on the Mississippi Supreme Court's that such postconviction claims were procedurally barred, apparently by Stafford's failure to raise them on direct appeal.  Stafford has not established that jurists of reason would find the procedural-default ruling debatable.  See Slack, 529 U.S. at 484.  Moreover, he has not made a substantial showing of the denial of a constitutional right with respect to his claim that counsel performed ineffectively by failing to argue the continuance motion. Accordingly, a COA is DENIED as to these claims.

With respect to Stafford's claims regarding counsel's failure to interview and call witnesses, a COA is GRANTED.  In addressing this claim, the magistrate judge's report recommended that these claims be denied because they were "unsupported by affidavits or notations in the record," despite the three

notarized affidavits submitted by Stafford in connection with this claim.  The district court adopted the report and recommendation as its opinion.  Any doubt about the granting of a COA is resolved in favor of the applicant.  <u>Fuller v. Johnson</u>, 114 F.3d 491, 495 (5th Cir. 1997).  Because resolution of the ineffectiveness claim regarding uncalled witnesses is largely fact-intensive, the judgment as to this claim is VACATED and this case is REMANDED for further proceedings consistent with this opinion.

Stafford's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal is GRANTED.

COA DENIED IN PART AND GRANTED IN PART; IFP GRANTED; VACATED AND REMANDED.